UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARLOS HERNANDO VALLEJO-ROMERO,

v.  Case No. 8:05-cr-413-T-24EAJ
           8:07-cv-494-T-24EAJ

UNITED STATES OF AMERICA.

O R D E R

This cause is before the Court upon Defendant Carlos Hernando Vallejo-Romero's amended motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255.  (Doc. cv-5; cr-258) (hereafter "motion" or "motion to vacate").  Because review "of the motion and the file and records of the case conclusively show that the defendant is entitled to no relief," the Court will not cause notice thereof to be served upon the United States Attorney but shall proceed to address the matter. *See* 28 U.S.C. § 2255.

PROCEDURAL HISTORY

On November 28, 2005, Vallejo-Romero pled guilty, without a plea agreement, to 1) conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 Appendix, U.S.C. § § 1903(a), 1903(g) and 1903(j); 21 U.S.C. § 960(b)(1)(B)(ii); and 2) possession with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 Appendix, U.S.C. § § 1903(a) & 1903(g); and 18 U.S.C. § 2; 21 U.S.C. § 960(b)(1)(B)(ii). (Doc. cr-96; cr-296). On March 21, 2006, Vallejo-Romero executed a cooperation agreement and waiver of right to appeal.

On March 23, 2006, the Court sentenced Vallejo-Romero to ninety-seven months incarceration. The sentence reflected a three-level downward departure from the advisory guidelines based on the Government's USSG § 5K1.1 motion. Judgment was entered that same day. (Doc. cr-270). Vallejo-Romero did not directly appeal the conviction and sentence.

## THE PRESENT MOTION TO VACATE

Vallejo-Romero signed his original motion to vacate on March 19, 2007. He signed the court-ordered amended motion to vacate on April 9, 2007. The motion to vacate is timely.

## DISCUSSION

Vallejo-Romero alleges that his defense counsel, Scott McCluskey, was ineffective because he:

> failed to object to the Court's determination of the Movant's advisory guideline range, thereby preserving the issue for appellate review. McCluskey never presented on the Movant's behalf certain factors that would have decreased the sentencing exposure of the Movant. These factors are (1) Minor or Minimal participant (§ 3B1.1); (2) "CAP" in drug cases on behalf of the Movant; (3) Substantial Assistance provided by the Movant to the government (§ 5K1.1). McCluskey never argued on behalf of the Movant the fact that he provided substantial assistant to the government and the fact that McCluskey actually set [sic] in on meetings with his client and the DEA officials.
>
> There was no Plea Agreement on behalf of the Movant. McCluskey failed to represent the Movant adequately during the plea negotiation. The fact that the Movant pleaded guilty to both counts of his indictment, plus the fact that the Movant met with the Government at least on 10 different occasions and provided all of the information that he knew in reference to the crimes he was charged with, held no distinct advantage for him by pleading guilty. McCluskey had an obligation to his client to seek out the best deal which should have included a firm offer from the government to file a Motion for Reduction of Sentence or to seek a downward departure based on the substantial assistance provided by the Movant.

(Doc. cv-5 at pp. 5, 6).

## Appeal Waiver

Vallejo-Romero's motion to vacate must be denied because Vallejo-Romero waived his right to file the present motion to vacate. At his sentencing hearing, the Court addressed the "Cooperation Agreement and Waiver of Right To Appeal."  (Doc. cr-270 at p. 7; cr-272 [Agreement]).  The Waiver of Right To Appeal reads:

> The defendant agrees that this court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by Title 18, United States Code, Section 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by Title 18, United States Code, Section 3742(a)

(Doc. cr-272 at p. 5).

At sentencing, the Court questioned McCluskey regarding whether he had discussed the cooperation agreement and waiver of right to appeal with Vallejo-Romero. McCluskey stated that he had reviewed the cooperation agreement and waiver of right to appeal with Vallejo-Romero and believed Vallejo-Romero understood the waiver. (Doc. cr-270 at p. 9).

The Court then questioned Vallejo-Romero as to his understanding of the appeal waiver:

> THE COURT:  You have also waived on page five of this document your right to appeal the sentence that I impose this morning;  do you understand that?

3

> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: Which means, essentially, you can't question it or try to get a different sentence from a higher Court. You are waiving your right to appeal. So whatever sentence I impose this morning, that will be your sentence; do you understand it -- that?
>
> THE DEFENDANT: Yes, ma'am.
>
> . . . .

(Doc. cr-270 at pp. 8-9)

> THE COURT: . . . Mr. Vallejo-Romero, there are two important parts of this. Number one, you would normally have the right to appeal the sentence within ten days of my imposing sentence. You could appeal to a higher Court and suggest that what I did was incorrect. You are giving up that right by entering into this agreement; do you understand that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Okay.
>
> Normally you would have that right. In ten days -- within ten days you could question or appeal the sentence that I impose. But by signing this agreement, you're giving that up.
>
> THE DEFENDANT: Yes, I know that.
>
> THE COURT: Okay.
>
> In addition, you're giving up the right to file what is known as a 2255 motion, a collateral motion or -- or any other motion that collaterally attacks maybe at a later date, maybe six months from now, the sentence that I impose.
>
> You're giving up any right to file any kind of -- any kind of attack, or question in any way the sentence that I impose; do you understand that? In either a motion or an appeal?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Okay.
>
> Now, if I sentence you above the statutory maximum, or if I sentence you in a manner that's a violation of the Constitution or the law, or if the

4

>  Government appeals, then you would be released from the waiver. But otherwise, you've given up your right to appeal.
>
>  It's an important right, and I just want to make sure you understand that you waived that.
>
>  THE DEFENDANT: Yes.

(Doc. cr-270 at pp. 9-11).

The right to appeal is statutory and can be knowingly and voluntarily waived. *See Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir.), *cert. denied*, 126 S.Ct. 246 (2005); *United States v. Bushert*, 997 F.2d 1343, 1350 (11th Cir. 1993). For this court to enforce an appeal waiver in a plea agreement, the Government must demonstrate either that the Judge specifically questioned Vallejo-Romero concerning his understanding of the sentence appeal waiver during the Fed. R. Crim. P. 11 colloquy or that it is manifestly clear from the record that Vallejo-Romero otherwise understood the full significance of the waiver. *Williams*, 396 F.3d at 1342; *Bushert*, 997 F.2d at 1351.

A Defendant's waiver of the right to appeal "directly or collaterally" encompasses his right to challenge his sentence in a section 2255 proceeding. *See Williams*, 396 F.3d at 1342; *United States v. White*, 307 F.3d 336, 341-44 (5th Cir. 2002); *Garcia-Santos v. United States*, 273 F.3d 506, 508-09 (2d Cir. 2001); *Davilla v. United States*, 258 F.3d 448, 451-52 (6th Cir. 2001); *United States v. Cockerham,* 237 F.3d 1179, 1183-87 (10th Cir. 2001); *Mason v. United States*, 211 F.3d 1065, 1069-70 (7th Cir. 2000).

The waiver is enforceable against claims of ineffective assistance of counsel at sentencing, because "a contrary result would permit a defendant to circumvent the terms of the sentence-appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless." *Williams*, 396 F.3d at

1342; *see also Cockerham*, 237 F.3d at 1182 (appeal and collateral attack waiver provision in plea agreement waives the right to section 2255 petition based on ineffective assistance of counsel unless challenge concerns the validity of the plea or waiver); Mason, 211 F.3d at 1069 (same).

In particular, if the issue underlying the ineffective assistance of counsel claim was waived by a Defendant in his plea agreement, then the ineffective assistance claim also was waived. *See Williams*, 396 F.3d at 1342 (acknowledging that exceptions in plea agreement to Defendant's waiver of appeal did not apply to the claims raised in the petition); *United States v. Djelevic*, 161 F.3d 104, 107 (2d Cir. 1998)(although "dressed up as a Sixth Amendment claim, Defendant is really challenging the correctness of his sentence under the guidelines and, therefore, is barred by the plain language of his plea agreement; to allow his claim would be to "render" meaningless" such plea agreement waivers). *But see, Lattimore v. United States*, 185 Fed. Appx. 808, 2006 WL 1674144 (11th Cir. June 19, 2006) (Defendant must be informed in the change of plea colloquy related to the appeal waiver that he is waiving his right to collaterally attack his sentence) (citing *United States v. Buchanan*, 131 F.3d 1005, 1008) (11th Cir. 1997) (the court must explain to the defendant, with specificity, the nature and extent of the appeal waiver); *United States v. Attar*, 38 F.3d 727, 732-33 (4th Cir. 1994) (finding that review of complete denial of counsel at sentencing was not precluded by general sentence appeal waiver); *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993) (stating in dicta that the defendant's waiver did not "categorically foreclose him from bringing any section 2255 proceeding, such as a claim of ineffective assistance of counsel or involuntariness of waiver").

The undersigned United States District Judge explained to Vallejo-Romero that he

was waiving his right to collaterally attack his sentence by filing a section 2255 motion, yet he has filed the present section 2255 motion to vacate. The motion to vacate must be denied, based on the appeal waiver executed by Vallejo-Romero.

However, even if the appeal waiver were not enforceable in Vallejo-Romero's case, the motion to vacate should be denied on the merits.

### Standard for Ineffective Assistance of Counsel Claims

To prevail on his claims of ineffective assistance of counsel, Vallejo-Romero must meet the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland*'s two-part test requires Vallejo-Romero to demonstrate that counsel's performance was deficient and "there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* However, if a claim fails to satisfy the prejudice component, the court need not make a ruling on the performance component. Vallejo-Romero cannot meet either prong of the *Strickland* standard and therefore, cannot prevail on any of his ineffective assistance of counsel claims.

### Change of Plea Hearing

Vallejo-Romero alleges that his defense attorney failed to represent him adequately during the plea negotiation. Vallejo-Romero claims that he received no distinct advantage by pleading. He alleges that counsel had an obligation to seek out the best deal for Vallejo-Romero that should have included a firm offer from the Government to file a motion for reduction of sentence or to seek a downward departure based on substantial assistance.

At the change of plea hearing, the United States Magistrate Judge read the two charges to which Vallejo-Romero was pleading guilty. (Doc. cr-269 at pp. 11-12). She

asked Vallejo-Romero whether he had had an adequate opportunity to review the indictment and discuss the case with his defense attorney. (Doc. cr-269 at p. 13). Vallejo-Romero said that he had, and in response to the Magistrate Judge's question, Vallejo-Romero stated that he was fully satisfied with the advice and representation his attorney had provided. (Doc. cr-269 at p. 13). Vallejo-Romero agreed that he had no written plea agreement with the Government, and that no one had promised him anything in return for his open guilty plea. (Doc. cr-14).

The Magistrate Judge explained that a conviction for each of the charges would result in a minimum jail term of ten years, and a maximum jail term of life imprisonment. (Doc. cr-269 at p. 16). Vallejo-Romero said that he understood what the minimum and maximum penalties could be. The Magistrate Judge explained that the United States District Judge would determine what guidelines applied to Vallejo-Romero at his sentencing hearing, and Vallejo-Romero confirmed that he had talked with his defense counsel about how the guidelines would apply to his case and that Vallejo-Romero understood the process. (Doc. cr-269 at pp. 18-19). The Magistrate Judge explained that both Vallejo-Romero and the Government had the right to appeal the sentence that was subsequently imposed by the Court.[1] (Doc. cr-269 at p. 20).

The Magistrate Judge further stated that if Vallejo-Romero pled guilty, the Probation Office would prepare a Presentence Report which would include information about Vallejo-Romero's background and the facts that the United States District Judge would need to calculate the sentencing guidelines applicable to his sentence. (Doc. cr-269 at p. 19). The

---

[1] Vallejo-Romero had not signed the Appeal Waiver at the time of his Change of Plea hearing.

Magistrate Judge stated that, at sentencing, the United States District Judge would resolve any objections to the Presentence Report and would determine what the applicable guidelines would be for Vallejo-Romero's case.  Vallejo-Romero confirmed that he understood. (Doc. cr-269 at p. 19).

Then, the Magistrate Judge explained the rights Vallejo-Romero was giving up by pleading guilty, and also explained the legal elements of the charges.  (Doc. cr-269 at pp. 21-23). The Magistrate Judge had the Government read the underlying facts of the crime to which Vallejo-Romero was pleading guilty (Doc. cr-269 at pp. 24-29) and Vallejo-Romero agreed that the facts were true. (Doc. cr-269 at 30).

Vallejo-Romero stated that he was pleading guilty to counts one and two of the Indictment because he was guilty. The Magistrate Judge found that his plea was "knowing, intelligent, and voluntary," and was "supported by an independent basis in fact as to each essential part of these crimes." (Doc. cr-269 at p. 31).

Vallejo-Romero has not alleged any facts to demonstrate that counsel was ineffective for failing to represent him adequately during the change of plea hearing. Vallejo-Romero chose to plead guilty without any plea agreement, and he stated to the Court that he was pleading guilty because he was guilty.

Vallejo-Romero swore, in open court, that he was satisfied with his defense counsel. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977); *United States v. Butt*, 731 F.2d 75, 80 (1st Cir. 1984) ("[T]he presumption of truthfulness of [defendant's] Rule 11 statements will not be overcome unless the allegations in the § 2255 motion. . . .include credible, valid reasons why a departure from those earlier contradictory statements is now justified." )

In addition, Vallejo-Romero did receive a USSG § 5K1.1 downward departure of three levels. Attorney McCluskey cannot be found ineffective for failing to obtain a plea agreement that included a "firm offer" of a motion for sentence reduction based on substantial assistance when, in fact, the Government filed a motion for sentence reduction based on substantial assistance, and the motion was granted. Vallejo-Romero has not alleged any facts to show that his defense counsel was ineffective for failing to represent him adequately during the plea negotiation.

### Sentencing Hearing

Vallejo-Romero alleges that Attorney McCluskey was ineffective because he failed to present factors that would have decreased his sentencing exposure. Specifically, Vallejo-Romero alleges that McCluskey never argued for a minor role reduction and never argued that Vallejo-Romero provided substantial assistance. The allegations are simply not true.

At the sentencing hearing on March 23, 2006, Vallejo-Romero stated that Attorney McCluskey had reviewed the Presentence Report with him. (Doc. cr-270 at p. 5). The Court reviewed aloud the Presentence Report, observing that the Report suggested the base offense level should be 38, because of the large amount of drugs found on board the vessel (5,443 kilograms); that there should be a two-level reduction for the safety valve; and a three-level reduction for acceptance of responsibility, which would "put the advisory guideline range sentence of 135 to 168 months." (Doc. cr-270 at p. 5).

The Court then addressed the then-sealed cooperation agreement and waiver of right to appeal. (Doc. cr-270 at p. 7; cr-272 [Agreement]). The Court asked:

> Then I have a question to ask you. Suppose those defendants end up

pleading and you don't end up calling Mr. Vallejo-Romero as a witness in that case, is it still your intent to at some later time file a motion to give him credit, or should I consider that possibility today when I impose sentence?

(Doc. cr-270 at p. 13).

The Prosecutor responded that even if the second case did not go to trial, Vallejo-Romero would receive some benefit "down the road":

> MR. MULDROW:  So, yes, my position would be that he would be entitled, regardless of whether there be pleas, or whether there be a trial. And -- quite frankly, I think the lion's share of any total assistance package comes from that case and not from this case.
>
> THE COURT:  Okay.
>
> So, I should wait as far as any credit he gets for that?
>
> MR. MULDROW:  Correct, Your Honor.
>
> And, of course, I can't make the determination now, and I don't have the authority to say we're going to file something for this levels, [sic] or this is what it's going to be;  but I can only go based on my general practice and the history within the office.
>
> THE COURT:  Yes.  And I assume that it could make a difference if he had to testify in trial, but that's something that you would know in the future.
>
> But you're saying regardless of what happens, it is your intent to file a motion at some point in time to give him some credit for the assistance that he has provided in that other case?
>
> MR. MULDROW:  That's correct, Your Honor.
>
> THE COURT:  Okay.
>
> All right.
>
> MR. MULDROW: Providing, of course, that he continues to be truthful and willing --
>
> THE COURT:  Sure.

11

MR. MULDROW: -- in all of the things that are outlined in our cooperation agreement that he's now signed.

THE COURT: Okay.

All right. I just wanted to make sure that he got whatever credit that he should give and -- or get, and I wanted to make sure that I understood what his cooperation was with respect to the motion you filed.

Okay, thank you.

Mr. McCluskey.

MR. MCCLUSKEY: Ma'am, I would ask the Court to grant the Government's motion regarding substantial assistance. I'm not going to ask at this point for additional consideration regarding the Riomar. His cooperation in that case has been extensive, and I've had conversations with both Mr. Muldrow and Ms. Croft on that case. I have no doubt that the Government is going to fulfill their -- their word regarding, uh, filing a motion on his behalf at a future date.

So, I just ask the Court to grant the two-level departure.

THE COURT: Okay.

MR. MCCLUSKEY: Judge, he's -- he's in the classic position of all the -- most of the defendants that come before you on the boat cases. He did it for financial reasons. He has no prior record. Has three children, he's very concerned about his wife and children and his extended family as a result of his cooperation.

Uh, I know minor role -- all we ask the Court is for consideration in minor role, but normally there have to be some exceptional circumstances that would distinguish him from another. He is indistinguishable in the respect from minor role, so for the record I'm asking the Court to consider that.

But, uh, other than the fact that he's in an environment that quite a few people are sort of forced because of financial reasons to become involved in this type activity, he does have the children and the family, I don't think there's anything substantial to distinguish him regarding minor role, but I just ask the Court to consider that.

And the 3553 criteria, I've generally discussed that with the Court.

(Doc. cr-270 at pp. 14-17)

The Court addressed and denied the minor role issue finding that there was not anything to distinguish the role of Vallejo-Romero from that of the other six mariners on the vessel. (Doc. cr-270 at pp. 16-17). Vallejo-Romero has not alleged any facts to show that his defense counsel was ineffective for failing to present factors that would have decreased Vallejo-Romero's sentencing exposure.

Accordingly, the Court orders:

That Vallejo-Romero's motion to vacate (Doc. cv-5; cr-258) is denied. The Clerk is directed to enter judgment against Vallejo-Romero in the civil case and to close that case.

**CERTIFICATE OF APPEALABILITY AND
LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances. Finally, because Defendant is not entitled to a certificate of

appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on July 24, 2007.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge


AUSA: W. Stephen Muldrow
Carlos Hernando Vallejo-Romero, pro se